IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
_____ DIVISION

FILED
2014 APR 24 PM 2:13
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

STEVE KEITH )
)
_____ )
)
_____ )
**Name of Plaintiff** )
) Case No. 3:14-cv-1053
v. ) (To be assigned by Clerk)
)
) Jury Demand ☐ Yes ☐ No
BRAND IMAGING )
GROUP / FAST SIGNS )
)
_____ )
**Name of Defendant(s)** )

## COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, for employment discrimination. Jurisdiction is specifically conferred upon the Court by 42 U.S.C. § 2000e-5, or, if the Plaintiff is a federal employee, by 42 U.S.C. § 2000e-16. Relief is sought under 42 U.S.C. § 2000e-5(g) and/or 42 U.S.C. § 1981a(b).

2. Plaintiff, STEVE KEITH, is a citizen of the United States and resides at

   413 BANKSHIRE RD, BEECHGROVE
   Street address / City

   COFFEE, TN, 37018, 7202982072
   County / State / Zip Code / Telephone Number

3. Defendant, BRAND IMAGING GROUP resides at, or its business is located at

   5764 CROSSINGS BLVD, NASHVILLE
   Street address / City

   DAVIDSON, TN, 37013
   County / State / Zip Code

(If more than one Defendant, list the name and address of each additional Defendant)

_____

_____

_____

_____ .

4. Plaintiff sought employment from the Defendant or was employed by the Defendant at

   <u>5764 CROSSINGS BLVD</u>, <u>NASHVILLE</u>,
   Street address                City

   <u>DAVIDSON</u>, <u>TN</u>, <u>37013</u>
   County       State   Zip Code

5. Defendant discriminated against Plaintiff in the manner indicated in paragraphs 8 and 9 of this Complaint on or about <u>03</u> <u>14</u> <u>2014</u>.
   Month   Day   Year

6. Plaintiff filed charges against the Defendant with the Tennessee Human Rights Commission or the Equal Employment Opportunity Commission charging the Defendant with the acts of discrimination indicated in paragraphs 8 and 9 of this Complaint on or about <u>03</u> <u>14</u> <u>2014</u>.
   Month   Day   Year

7. The Equal Employment Opportunity Commission or the United States Department of Justice issued a Notice of Right to Sue which was received by Plaintiff on _____
   Month
   _____ _____, a copy of which Notice is attached.
   Day         Year

8. Because of Plaintiff's (1) _____ race, (2) _____ color, (3) _____ sex,

   (4) _____ religion, (5) _____ national origin, the Defendant:

a. _____ failed to employ Plaintiff.

b. ✓ terminated Plaintiff's employment.

c. _____ failed to promote Plaintiff.

d. _____ retaliated against Plaintiff for having filed a charge of discrimination.

e. _____ other. Explain: SEE ATTACHMENT I EVENTS LEADING TO my termination led me to believe it was souly because of age and an injury I received while employed.

9. The circumstances under which Defendant discriminated against Plaintiff were as follows:

SEE ATTACHMENT

(You may use additional paper, if necessary.)

10. The acts set forth in paragraph 8 of this Complaint:

a. _____ are still being committed by Defendant.

b. ✓ are no longer being committed by Defendant.

c. _____ may still be being committed by Defendant.

11. Plaintiff attaches to this Complaint a copy of the charges filed with the Tennessee Human Rights Commission or the Equal Employment Opportunity Commission, which charges are submitted as a brief statement of the facts supporting this Complaint.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief:

a. _N/A_ direct that Defendant employ Plaintiff, or

b. _N/A_ direct that Defendant re-employ Plaintiff, or

c. _N/A_ direct that Defendant promote Plaintiff, or

d. _N/A_ order other equitable or injunctive relief: _____

_____.

e. _N/A_ direct that Defendant pay Plaintiff back pay in the amount of

_____, and interest on back pay;

f. _Stru Kuck_ direct that Defendant pay Plaintiff compensatory damages: Specify the amount and basis for compensatory damages: _150,000, financial stress, loss of insurances, retirement, livelyhood (see attachment) Stru Kuck_

g. _____ direct that Defendant pay Plaintiff punitive damages in the amount of _150,000_ because Defendant engaged in a discriminatory practice or practices with malice or with reckless indifference to Plaintiff's federally protected rights, as described in paragraphs 8 and 9 above; and that the Court grant such other relief as may be appropriate, including costs and attorney's fees.

(see attachment)

_____
(Signature of Plaintiff)

Discrimination case: Steve Keith vs Brand Imaging Group (BIG)
Age: 61 at time of layoff
Discrimination reason: Age / Injury
Immediate bosses: Chris Neely (manager), Mark Grey (general manager), Scott Snoyer (owner)
Date hired: 10/29/12, Date of layoff: 3/3/14 (2 week delay), Actual last day worked: 3/14/14

Brand Imaging Group is a collection of Sign businesses who closed due to various reasons. Grouped together as Fast Signs then Brand Imaging Group, Nashville, TN (Scott Snoyer owner)
Business was extremely slow from 12/1/13 due to the quitting of the number #1 salesman, Tony Hatchel a former Sign shop owner. He also took back some very huge contracts when he left. Hurting business at BIG. This forced management to look for solutions. I believe I was part of the re-structuring to meet financial expectations. Also this slow down and said (Tony H.) salesman stealing back his contracts prompted a "No Compete" form to be required by all BIG employee's to sign or be terminated. I turned mine in late but signed it. I originally thought turning this form in late was the reason for dismissal. Two employee's were terminated for not signing it. After my lay off I retrieved the original form I signed. It was signed and back dated by the owner. (Scott Snoyer)(?)

The reason I heard later for my layoff was down sizing in my work area known as production.

On 3-3-14 I was told by Chris Neely I could leave that day and sign up for unemployment. I was assured BIG would sign off on unemployment. Or take 3 weeks to look for a job (while still working at BIG). If no job came up I still had to leave and sign up for unemployment as stated previously. I took 2 weeks and left to sign up for unemployment.

Another issue I feel contributed to the decision to lay me off was a back injury that happened on, 6/3/13. Heavy lifting causing damage. An MRI confirmed lower lumbar damage, steno sis and arthritis were the diagnosis. I was put on limited lifting but continued at 95% capacity of what I worked before. I was afraid that due to age and now injured I would be targeted for layoff during this sever work slow down. A workman's comp case was created.

I feel I was singled out and lay-ed off because of my AGE (61) and I made 15.00 hr, new hires 10.00 hr to 12.00 hr. And the fact I was injured on the job. I feel this is violation of my rights and has caused unfair stresses during a time I was suffering from severe back pain. At my age I'm more dependent on an employer for income, insurances and a retirement fund. I'm a grandfather and this disrupted my lively hood and family relationships.

My background in the Sign Industry is extensive. Since 1986 in one capacity or another I've supported myself with this trade. I'm formally educated in the sign business with an Associates Degree in Signs & Outdoor Advertising from the Rocky Mt. College of Art & Design. (1984/5) 16 yrs as a sole proprietor of Keith Signs here in Nashville, TN. I'm experienced in most area's of the Sign business from hand painting & design to computer aided sign production techniques, sales & installations. At my 90 day review I received 1 year late I scored the highest marks in the categories questioned. I never missed a full days work and was rarely late. I worked in almost all departments and was able to complete any task asked of me. I don't drink or smoke and never was written up.

I do not want my job back. Just justice I worked very hard to be a exemplary employee and I got treated this way.

Steve Keith 720-298-2072