## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **STEVE KEITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:14-CV-1053** |
| | ) | **Judge Trauger/Magistrate Bryant** |
| **BRAND IMAGING GROUP,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT BRAND IMAGING GROUP'S MOTION TO DISMISS

Defendant Snoyer Signs, LLC d/b/a Brand Imaging Group ("Brand Imaging Group") respectfully submits this memorandum of law in support of its motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure:

## I.  INTRODUCTION

This is an action brought by Plaintiff pursuant to certain federal civil rights laws and asserting that his employment was terminated "because of age or an injury."  Plaintiff acknowledges he has not yet received any form of right-to-sue notice resulting from a related administrative charge of employment "discrimination" he apparently initiated a month or so before filing this lawsuit.  It is well settled that Plaintiff must first exhaust his administrative remedies before filing suit for alleged federal employment discrimination.  This action, therefore, should be dismissed for failure of exhaustion of Plaintiff's administrative remedies.

In any event, Plaintiff has failed to state a plausible claim on the merits for any possible age or disability discrimination under federal law.  Plaintiff readily acknowledges on the face of

his complaint that he was laid off and that his production position was eliminated as part of an economic work force reduction. Plaintiff also admits he was being paid more than recent hires. Nevertheless, Plaintiff suspects either his age or a minor back injury occurring more than nine months before his discharge may have somehow been contributing factors. These conclusory allegations and subjective beliefs asserted by Plaintiff in his complaint simply are not sufficient to raise a fair inference of discrimination. Plaintiff's bare employment "discrimination" claims, therefore, should be dismissed as a matter of law.

## II. FACTUAL BACKGROUND

The following facts alleged in the Plaintiff's Complaint are accepted as true solely for purposes of ruling on this motion to dismiss:

Plaintiff was employed by Brand Imaging Group from October 29, 2012 to March 14, 2014. (D.E. No. 1, Attachment to Complaint, Page 5 of 5.) Plaintiff was informed he was being laid off in March 2014 because of "down sizing" in his "work area known as production" – namely, architectural sign production. (*Id.*) Plaintiff acknowledges that "[b]usiness was extremely slow" beginning on December 1, 2013, following the departure of a key architectural sign salesperson "who took some very huge contracts when he left." (*Id.*) Plaintiff further acknowledges he "was part of the re-structuring" by Brand Imaging Group "to meet financial expectations" as a result of this "slow down" in architectural sign business. (*Id.*)

Nevertheless, Plaintiff asserts that he believes his employment was terminated "solely because of my age and an injury I received while employed." (*Id.*, Complaint ¶ 9, Page 3 of 5.) More specifically, Plaintiff alleges, "I feel I was singled out and lay-ed off because of my AGE (61) and I made 15.00 hr," whereas "new hires" made "10.00 hr to 12.00 hr." (*Id.*, Attachment to Complaint, Page 5 of 5.)

2

Plaintiff also asserts that "[a]nother issue I feel contributed to the decision to lay me off was a back injury that happened on" June 13, 2013, for which a "workman's comp case was created." (*Id.*) Plaintiff acknowledges that "I was put on limited lifting but continued at 95% capacity of what I worked before." (*Id.*) Nevertheless, Plaintiff says, "I was afraid that due to age and now injured I would be targeted for layoff during this sever[e] work slow down" in architectural sign production. (*Id.*) Finally, Plaintiff makes it clear he does "not want my job back." (*Id.*)

### III. PROCEDURAL BACKGROUND

Plaintiff brought this action "pursuant to Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991" for alleged "employment discrimination" because of his age or an injury. (*Id.*, Complaint ¶ 1, Pages 1 of 5; *see id.*, ¶ 8, Page 3 of 5.) To the extent Plaintiff asserts his employment was terminated because of his age in violation of federal law, it appears that Plaintiff actually is asserting a claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). Likewise, to the extent Plaintiff asserts his employment was terminated because of an injury in violation of federal law, it appears that Plaintiff actually is asserting a claim under the Americans with Disabilities Act, 42 U.S.C. § 12201 *et seq.* ("ADA").

Plaintiff alleges he "filed charges against the Defendant with the Tennessee Human Rights Commission ["THRC"] or the Equal Employment Opportunity Commission ["EEOC"] charging the Defendant with the acts of discrimination indicated in paragraphs 8 and 9 of []his Complaint on" March 14, 2014. (*Id.*, Complaint ¶ 6, Page 2 of 5.) But Plaintiff acknowledges he has not yet received any form of related right-to-sue notice.[1] (*Id.*, Complaint ¶ 7, Page 2 of 5.)

---

[1] In light of the fact that Plaintiff apparently submitted an EEOC or THRC charge just a little over a month before filing this suit, Brand Imaging Group has not yet received any notice from the EEOC or THRC of any such charge of Plaintiff or any right-to-sue notice issued to him.

3

Nevertheless, Plaintiff filed this suit against Brand Imaging Group on April 24, 2014. (*Id.*, Complaint, Page 1 of 1.)   Brand Imaging Group now moves to dismiss this lawsuit for failure to state a claim upon which relief can be granted.

## IV.  LEGAL ARGUMENT

### A.  <u>Plaintiff Has Failed to Exhaust His Federal Administrative Remedies</u>.

It is well settled that an "employee may not file a suit under the ADA if he or she does not possess a right-to-sue letter from the EEOC because he or she has not exhausted his or her remedies." *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000), *cert. denied*, 533 U.S. 951 (2001).   Likewise, "administrative exhaustion is still a statutory prerequisite to maintaining claims brought under the ADEA." *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 401 (6th Cir. 2008).

As the Sixth Circuit has declared,

> To exhaust administrative remedies under the ADA or ADEA, a plaintiff must file an EEOC charge within 180 days of the alleged discrimination (or with the state agency within 300 days).  Once the EEOC dismisses the charge and issues a right-to-sue letter, the plaintiff has ninety days to file a civil action.  Failure to timely exhaust administrative remedies is an appropriate basis for dismissal of an ADA or ADEA action.  The exhaustion of administrative remedies is a condition precedent to an ADA [or ADEA] action.

*Hoover v. Timken Co.*, 30 F. App'x 511, 513, 2002 U.S. App. LEXIS 3339, at *3-4 (6th Cir. Feb. 26, 2002) (citations omitted).

In the present case, Plaintiff alleges he filed a charge of "discrimination" with the EEOC or THRC on March 14, 2014. (D.E. No. 1, Page 2 of 5: Complaint ¶ 6.)  It also is apparent from the face of his complaint that Plaintiff has not yet received a related right-to-sue notice. (*Id.*, Complaint ¶ 7.)   Accordingly, the Court should grant Brand Imaging Group's Rule 12(b)(6) motion and dismiss the Plaintiff's suit for failure to exhaust his administrative remedies. *See,*

4

*e.g., Hoover*, 30 F. App'x at 513, 2002 U.S. App. LEXIS 3339, at *3-4 (affirming grant of Rule 12(b)(6) motion and holding that "the district court properly dismissed" a *pro se* plaintiff's ADEA or ADA "action for lack of exhaustion" of his EEOC administrative remedies).

## II. Plaintiff Has Failed to State a Plausible Claim for Alleged Federal Employment Discrimination Because of His Age or Any Disability.

In any event, Plaintiff's complaint fails to state a plausible claim on the merits for alleged employment discrimination under either the ADEA or ADA.

In order to withstand a Rule 12(b)(6) motion to dismiss, "the plaintiff must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Veasy v. Teach for Am., Inc.*, 868 F. Supp. 2d 688, 695 (M.D. Tenn. 2012) (Trauger, J.) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). More specifically, "'broad and conclusory allegations of discrimination cannot be the basis of a complaint'" under the federal civil rights laws; rather, "'a plaintiff must state allegations that plausibly give rise to the inference that a defendant acted as the plaintiff claims.' Thus, 'a legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss . . . .'" *Id.* (citation omitted). Likewise, "'a complaint containing a statement of facts that merely creates a *suspicion* of a legally cognizable right of action is insufficient.'" *Id.* (citation omitted)

In the present case, Plaintiff makes the conclusory assertion that "events leading to my termination led me to believe it was solely because of age and an injury I received while employed" by Brand Imaging Group. (D.E. No. 1, Page 3 of 5: Complaint ¶ 8.) In further describing those "events," however, Plaintiff readily acknowledges on the face of his complaint that he was laid off and his production position was eliminated as part of an economic work force reduction:

- "Business was extremely slow from 12/1/13 due to the quitting of the number #1 salesman, Tony Hatchel a former Sign shop owner. He also took some very huge

5

contracts when he left. Hurting business at BIG [Brand Imaging Group]. This forced management to look for solutions. I believe I was part of the re-structuring to meet financial expectations." (D.E. No. 1, Page 5 of 5: Attachment to Complaint.)

- "The reason I heard later for my layoff was down sizing in my work area known as production." (*Id.*)

While reiterating his bare suspicions of age discrimination, Plaintiff further acknowledges in the same breath that it made economic sense for his architectural sign production position to be eliminated because he was being paid more than recent hires:

- "I feel I was singled out and lay-ed off because of my AGE (61) and I made 15.00 hr, new hires 10.00 hr to 12.00 hr." (*Id.*)

Likewise, although Plaintiff makes much of "the fact I was injured on the job," Plaintiff admits his back injury "happened on, 6/13/13," more than nine months before his discharge as part of a work force reduction. (*Id.*) Plaintiff also admits that at the time of this minor back injury he was "put on limited lifting but continued at 95% capacity of what I worked before." (*Id.*) Nevertheless, Plaintiff alleges he "was afraid that due to age and now injured I would be targeted for layoff during this sever[e] work slow down" in architectural sign business. (*Id.*)

Plaintiff fails to appreciate that "'mere personal belief, conjecture and speculation are insufficient to support an inference'" of age or disability discrimination. *Woythal v. Tex-Tenn Corp.*, 112 F.3d 243, 247 (6th Cir.) (citation omitted), *cert. denied*, 522 U.S. 967 (1997). Plaintiff also fails to appreciate that the "mere termination of a competent employee when an employer is making cutbacks due to economic necessity is insufficient to establish" age or disability discrimination. *LaGrant v. Gulf & W. Mfg. Co.*, 748 F.2d 1087, 1090 (6th Cir. 1984). In short, Plaintiff's "broad and conclusory allegations of [] discrimination, which are entirely subjective as alleged, do not give rise to a fair inference that" Brand Imaging Group somehow

6

discriminated against Plaintiff because of his age or any disability; therefore, Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6). *Veasy*, 868 F. Supp. 2d at 696.

## V. CONCLUSION

For these reasons, Brand Imaging Group respectfully requests that the Court grant this Rule 12(b)(6) motion and dismiss all of the claims asserted by Plaintiff for failure to assert a claim upon which relief can be granted.

Respectfully submitted,

*/s/ Stephen H. Price*

Stephen H. Price (Tenn. S. Ct. No. 014658)
STITES & HARBISON PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219-2490
Telephone: (615) 782-2232
Facsimile: (615) 742-7226
Email: stephen.price@stites.com

Counsel for Defendant
Snoyer Signs, LLC d/b/a Brand Imaging Group

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April, 2014, a copy of the foregoing MEMORANDUM was filed electronically with the Clerk's office by using the CM/ECF system and served via first-class U.S. mail, postage prepaid, upon the parties as indicated below. Parties may also access this filing through the Court's ECF system.

Steve Keith
413 Bankshire Road
Beechgrove, TN 37018

*/s/ Stephen H. Price*

Stephen H. Price

7