IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEVE KEITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:14-cv-1053 |
| ) | |
| BRAND IMAGING GROUP / FAST SIGNS, ) | Judge Trauger |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Steve Keith has filed a *pro se* complaint asserting a claim under Title VII of the Civil Rights Act for discrimination on the basis of age. Before the Court are the plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 8) and the Defendant's Motion to Dismiss (ECF No. 3). For good cause shown, the plaintiff's resubmitted application to proceed *in forma pauperis* (ECF No. 8) is **GRANTED**. However, process shall not issue at this time.

The court entered an order on May 16, 2014 (ECF No. 5), noting that the court was in receipt of the defendant's motion to dismiss based on the plaintiff's failure to indicate whether he had received a right-to-sue letter from the EEOC. The court declined to rule on the motion to dismiss at that time since the plaintiff's fee-payment status was unresolved. In that order, however, the court directed the plaintiff to show cause within 21 days why this action should not be dismissed without prejudice as premature, by informing the court whether he had received a right-to-sue notice from the EEOC and, if so, by filing a copy of the notice with his response to the show-cause order. Upon receipt of the show-cause order, the plaintiff promptly submitted a completed application to proceed *in forma pauperis*, as he was also directed to do, but he did not submit a copy of a right-to-sue notice or otherwise indicate that he had received such a notice. More than 21 days have now passed since entry of the initial order.

As indicated above, the defendant, although it has not officially been served with the complaint, filed a motion to dismiss the complaint on the grounds that the plaintiff has not indicated that he received a right-to-sue notice from the EEOC. (ECF No. 3.) Because the plaintiff failed to respond to the show-cause order, the court must presume that he has not yet received a right-to-sue letter.

The law is clear that, before filing suit in federal court under Title VII, a plaintiff must first file a timely charge of employment discrimination with the EEOC. *Nichols v. Muskingum College,* 318 F.3d 674, 677 (6th Cir. 2003). After investigation, the EEOC will either file suit on behalf of the claimant or issue a right-to-sue letter. *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998). Upon receipt of a right-to-sue letter, a plaintiff has ninety days within which to bring a federal action alleging a violation of Title VII. 42 U.S.C. § 2000e-5(f)(1). Possession of this right-to-sue letter from the EEOC is "not a jurisdictional prerequisite" to proceeding on a Title VII claim in district court, but it is "a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

During the 180-day period following the plaintiff's filing of charges with the EEOC, the EEOC retains "exclusive" jurisdiction over the subject matter of that charge, *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 326 (1980), and a plaintiff may not file suit prior to the expiration of that period without authorization from the EEOC in the form of a right-to-sue notice. *Id. See Fritz v. FinancialEdge Cmty. Credit Union*, 835 F. Supp. 2d 377, 382 (E.D. Mich. 2011) ("Title VII bar[s] an aggrieved individual from suing a private employer in federal court during that period without authorization from the EEOC." (citing *EEOC v. Hearst Corp.*, 103 F.3d 462, 466 (5th Cir. 1997))).

In the present case, the plaintiff states that he filed a claim with the EEOC or the Tennessee Human Rights Commission on March 14, 2014, less than 180 days ago; the plaintiff has failed to establish that he has received a right-to-sue letter, despite being directed to do so. The court therefore finds that it lacks subject-matter jurisdiction over this action.

The defendant's motion to dismiss (ECF No. 5) is therefore **GRANTED** and this action is **DISMISSED** for lack of jurisdiction. This dismissal is without prejudice to the plaintiff's ability to refile once he receives a right-to-sue letter from the EEOC or is otherwise authorized by law to bring this employment discrimination lawsuit.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge